UNITED STATES OF AMERICA, PLAINTIFF *v.* THEODORE QUINTIN, DEFENDANT

Court No. 81-9-01320

Before FORD, *Judge.*

## Memorandum and Order

(Dated June 15, 1983)

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch *(Francis J. Sailer)* for the plaintiff.
*Theodore Quintin, pro se.*

FORD, *Judge:* Plaintiff instituted this action pursuant to 19 U.S.C. 1592 to enforce a claim for the forfeiture value of merchandise brought into this country from Canada by defendant. Plaintiff's original compliant alleged defendant was liable for damages as a result of fraud. Defendant, by letter dated October 15, 1981, which was deemed an answer (defendant appearing *pro se*) to the complaint replied to all the allegations contained therein. By motion to amend the complaint, plaintiff on April 30, 1982 filed an amended complaint which in addition to the claim contained in the original

complaint further claimed damages in the alternative due to gross negligence or negligence.

Plaintiff has now moved pursuant to Rule 55(a) of the Rules of this Court for a default judgment due to failure of defendant to plead or otherwise defend himself.

It is noted that since defendant appeared *pro se,* plaintiff's counsel has graciously supplied copies of the pertinent rules. While defendant did not reply to the amended complaint as is noted, he did reply to the original complaint. The amended complaint merely contains alternative claims for damages.

The rules of this Court under circumstances such as are involved herein, do not require the entry of a default judgment. Rule 8(e) of the Rules of this Court provides as follows:

> (e) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

In addition Rule 55(b) reads as follows:

(b) Judgment. Judgment by default may be entered as follows:

> In all cases the party entitled to a judgment by default shall apply to the court therefor.
>
> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with 10-days written notice of the application for judgment. If, in order to enable the court to enter judgment or to carry it into effect, it is necesary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

In view of the foregoing and since the Court is not in a position to determine the basis of damage, i.e. fraud, gross negligence or negligence, it is not in a position to enter a default judgment. Therefore it is hereby

ORDERED that the matter shall be set for trail at a place and date to be determined by Chief Judge Re, pursuant to 28 U.S.C. 256.